IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Jenkins, ) | C/A No.: 1:25-3605-JFA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| A. Thomas, III, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Steve Jenkins ("Petitioner"), Federal Register Number 07390-104, is a federal inmate currently designated by the BOP to Federal Correctional Institution ("FCI") Bennettsville. Proceeding pro se, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss as moot. [ECF No. 12].[1] The motion having been fully briefed [ECF Nos. 15, 16, 17, 18], it is ripe for disposition.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's motion be granted.

---

[1] Petitioner has named "A. Thomas, III," the Warden of FCI Atlanta, Georgia, as Respondent. However, because the only proper respondent in a habeas petition is the "person having custody of the person detained," the current Warden of FCI Bennettsville is the proper Respondent. *See Rumsfeld v.*

I.  Factual and Procedural Background

Petitioner filed this action pursuant to 28 U.S.C. § 2241, challenging a disciplinary action taken against him while he was housed at FCI Atlanta, Georgia, in August 2024. [*See* ECF No. 1, ECF No. 1-1, ECF No. 12-1 ¶ 3]. He requests that his incident report be expunged from his prison record and to have his good conduct time ("GTC") restored. [ECF No. 1 at 7]. The parties do not dispute that BOP has since expunged the subject disciplinary action and restored Petitioner's 27 days of GTC. [*See* ECF No. 12-1 ¶ 5, *id.* at 2–8 (inmate disciplinary records), *see also* ECF No. 15 at 2 (Plaintiff representing the BOP has expunged the subject disciplinary action and restored the relevant GTC)].

II. Discussion

    A.  Habeas Corpus Standard of Review

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5.

Under established local procedure in this judicial district, a careful

---

*Padilla*, 542 U.S. 426, 434–35 (2004).

review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

B.   Analysis

It is well-settled in the Fourth Circuit that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citing *Broughton v. North Carolina*, 717 F.2d 147, 149 (4th Cir. 1983). Pursuant to Article III, Section 2 of the United States Constitution, a federal court may only adjudicate live cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866 (1994).

As the Supreme Court observed in *Spencer v. Kemna*, "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. 1, 18 (1998). Further, the Court noted that to maintain a court's jurisdiction, "it is not enough that a dispute was very much alive when suit was filed." *Lewis*, 494 U.S. at 477. Rather, "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).

4

In the instant matter, Petitioner sought to have his discipline action expunged and his GTC restored, which has occurred. As such, Petitioner's case is moot. *See Rodriguez v. Cruz*, C/A No. 9:12-2154-MGL, 2013 WL 2416321, at *3–5 (D.S.C. June 3, 2013) (challenge to disciplinary matter where the action has been expunged and the good conduct time restored renders the case moot); *Randall v. Martinez*, 289 F. App'x. 478, 480 (3d Cir. 2008) (same).

Although Petitioner recognizes that the BOP has expunged the disciplinary action and restored his GCT, he recounts the events that led to the disciplinary action and says the correctional officer's behavior has escalated since the expungement. [ECF No. 15 at 2]. However, as noted by Respondent [ECF No. 17 at 1] and not addressed by Petitioner [*see* ECF No. 18], "Petitioner fails to explain how that is possible given that Petitioner no longer resides in the institution where the disciplinary action occurred." [ECF No. 17 at 1]. To the extent that Petitioner seeks relief separate from that requested in his petition [*see* ECF No. 1 at 7], Petitioner can bring a separate habeas action after exhaustion of remedies specific to the relief sought.[3]

Additionally, to the extent Petitioner now seeks monetary damages [*see* ECF No. 18 at 7], such relief is not available in a habeas corpus action. *See*

---

[3] For example, Petitioner must exhaust administrative remedies before seeking judicial review of his claims regarding incorrect calculations under

*Preiser*, 411 U.S. at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *McKinney-Bey v. Hawk-Sawyer*, 69 Fed. Appx. 113 (4th Cir. 2003) ("To the extent that appellant sought money damages, such relief is not available under § 2241 . . . an action for monetary damages is properly pursued by way of a civil rights action.").

Because Petitioner has received the relief he requests, the undersigned recommends the district judge grant Respondent's motion to dismiss, dismissing the petition as moot.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion to dismiss [ECF No. 12], dismissing the petition as moot.

IT IS SO RECOMMENDED.

July 17, 2025                                        Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

the First Step Act, 18 U.S.C. § 3632(d)(4)(A). [*See* ECF No. 16].

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).