IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Jenkins,<br><br>      Petitioner,<br><br>v.<br><br>Warden FCI Bennettsville,<br><br>      Respondent. | C/A No. 1:25-cv-3605-JFA-SVH<br><br><br>**OPINION AND ORDER** |

**I. INTRODUCTION**

Petitioner Steve Jenkins, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

In response to the petition, Respondent filed a motion to dismiss asserting the claim is now moot. (ECF No. 12). After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the petition is subject to dismissal because Petitioner has received his requested relief. (ECF No. 19). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed two sets of objections to the Report. (ECF Nos. 21 & 23). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 19). In short, Petitioner filed this action to request that an incident report be expunged from his prison record and his good conduct time be restored. The parties do not dispute that the BOP has since expunged the subject disciplinary action and restored Petitioner's 27 days of good conduct time. Therefore, the Magistrate Judge recommends that the petition be dismissed as moot.

In response to the Report, Petitioner has set forth two objections. Within his first objection, Petitioner states that the "state action violated my equal protection of witness and evidence, no video was (1) intentional (2) treatment that is different from treatment of similarly situated others, and (3) with no rational basis." (ECF No. 21, p. 1)(written as it appears in the original). Within his second objection, Petitioner stated that "I use the word

3

escalated to show intentional premeditated and fully considered to retaliate against me for remedy." (ECF No. 23, p. 1)(written as it appears in the original). He also states that "there is a causal relationship between the retaliatory action and the protected speech." *Id.*

Petitioner's objections fail to address the Report in any meaningful way. They provide no opposition to the Magistrate Judge's conclusion that this action is now moot because Petitioner has received his requested relief. The court has reviewed the dispositive motion and responsive briefing, along with the Report and objections, and finds no error in the Report. Accordingly, Petitioner's objections are overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). For the reasons discussed above and, in the Report, Respondent's motion to dismiss (ECF No. 12) is granted and the Petition is dismissed without prejudice as moot.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

IT IS SO ORDERED.

August 11, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

5